UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br><br>EDWARD STEPHONE WILLIAMS,<br><br>Debtor. | Case No. 23-10512<br>Honorable Shalina D. Kumar |
| CAMILE VANICE WILLIAMS et al.,<br><br>Appellants,<br><br>v.<br><br>STUART A. GOLD, Trustee,<br><br>Appellee. | Bankruptcy Case No. 20-51655<br>Adv. Proc. No. 21-4032 |

**OPINION AND ORDER REVERSING BANKRUPTCY COURT'S OPINION REGARDING APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT, MOTION FOR RELIEF FROM AUTOMATIC STAY, AND HOLDING PROCEEDINGS IN ABEYANCE**

Camile Vanice Williams, Gregory Stephone Williams, and Camron LaShawn Williams (collectively, the "Williamses") appeal from the U.S. Bankruptcy Court for the Eastern District of Michigan, seeking review of the bankruptcy court's opinion and order (the "bankruptcy court's decision") denying a motion for relief from judgment; denying a motion for relief from an automatic stay; and voiding an affidavit of deed. ECF No. 1.

This matter has been briefed. Based on the briefs and the record, the Court finds the matter sufficient for determination without a hearing. *See* E.D. Mich. LR 7.1(f); Fed. R. Bankr. P. 8012. For the reasons below, the Court reverses the bankruptcy court's decision.

## I.    Background

In 2020, Edward Stephone Williams (the "debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

Stuart Gold (the "trustee")  filed a complaint against the debtor's three children, the Williamses, for a judgment determining that real property located at 18405 Prairie, Detroit, Michigan constitutes the bankruptcy estate's property. *Id.* at PageID.102-06. The complaint alleged that the debtor's wife had acquired the real property in 2019; that she died intestate in 2019; and that as a result of her death and under Michigan estate administration law, the debtor inherited an interest in the real property "by intestate succession." *Id.* (citing M.C.L.  700.2102(1)(b)). The complaint asks for a "judgment determining that . . . the debtor's interest in [his wife's] intestate estate and the Property constituted property of the debtor under Michigan law." *Id.*

The Williamses failed to timely respond to the trustee's action. *Id.* at PageID.116. As a result, the bankruptcy court entered a default judgment

against them, declaring that the real property was part of the debtor's bankruptcy estate. *Id.* The Williamses then filed two motions: a motion for relief from judgment, asking that the bankruptcy court vacate the default judgment due to mistake and lack of service; and a motion for relief from an automatic stay, which also asked the bankruptcy court to vacate the default judgment due to the probate exception to the court's subject matter jurisdiction. *Id.* at PageID.122, 193. The Williamses sought the stay relief so that they could litigate whether the debtor inherited the real property by intestate succession in state probate court. *Id.* at PageID.194.

The bankruptcy court issued an opinion and order (1) denying the Williamses' motion for relief from judgment; (2) denying their motion for relief from the automatic stay and to hold proceedings in abeyance; and (3) voiding the affidavit of deed recorded on June 15, 2021 by the debtor. ECF No. 3, PageID.419-503. In its opinion, the bankruptcy court held as an initial matter that the probate exception to federal subject matter jurisdiction did not deprive the court of jurisdiction over the case, rejecting the Williamses' argument that the court's default judgment must be vacated for lack of subject matter jurisdiction.

## II.    Standard of Review

The Court reviews de novo a bankruptcy court's conclusions as to subject matter jurisdiction. *See Chevalier v. Est. of Barnhart*, 803 F.3d 789, 794 (6th Cir. 2015) (citing *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007)); *Adell v. John Richards Homes Bldg. Co.* (*In re John Richards Homes Bldg. Co.*), 439 F.3d 248, 254 (6th Cir. 2006). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The presumption is always that "a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party [here, the trustee] asserting jurisdiction." *Id.*

## III.    Analysis

The parties dispute whether the bankruptcy court erred in ruling that the trustee's complaint fell outside the probate exception to federal subject matter jurisdiction.[1] Under the probate exception, a "federal court has no

---

[1] The trustee argues that the Williamses' appeal is moot because the property at issue has been sold. But the trustee's argument fails. Mootness obtains when intervening events make it "impossible for the court to grant any effectual relief whatever." *Coal. For Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) (cleaned up). Here, even if the property at issue has been sold, the Williamses may still be able to recover monetary relief without affecting the validity of the property sale if, contrary to the bankruptcy court's decision, a state court determines that the debtor did not inherit the property. *See C.O.P. Coal Dev. Co. v. C.W. Mining Co.* (*In re C.W. Mining Co.*), 641 F.3d 1235, 1239-40 (10th Cir. 2011). Because the trustee fails to carry his heavy burden of showing that

jurisdiction to probate a will or administer an estate . . . ." *Markham v. Allen*, 326 U.S. 490, 494 (1946). The probate exception has a "distinctly limited scope," and federal courts may retain jurisdiction so long as it "does not interfere with the probate proceedings" or "assume general jurisdiction" over the probate or property in state court custody. *Id.* (quoting *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)). "Interfere" means that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall*, 547 U.S. at 311.

"[T]he probate exception reserves to the state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Wisecarver*, 489 F.3d at 749 (quoting *Marshall*, 547 U.S. at 311-12); *see Chevalier*, 803 F.3d at 801 (expressing the same test but in different terms). The probate exception, however, "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Wisecarver*, 489 F.3d at 750 (quoting *Marshall*, 547 U.S. at 312).

---

monetary relief is impossible or that the Williamses cannot otherwise receive "any effectual relief whatever" were they to win this appeal, the trustee's mootness argument fails. *Coal. For Gov't Procurement*, 365 F.3d at 458.

The Court finds that the trustee's complaint falls within the probate exception because it asks the bankruptcy court to administer an estate. The complaint invites the bankruptcy court to determine intestate succession issues—namely, whether the decedent died intestate, whether her estate included the real property at issue, and whether under Michigan law the debtor inherited that property by intestate succession, thereby making it part of the debtor's bankruptcy estate. ECF No. 3, PageID.102-106.

The administration of Michigan's intestacy statutes is within the province of Michigan's state courts, yet that is what the trustee asks the bankruptcy court to do. *See Dean v. Dean*, No. 21-CV-02208, 2021 WL 6689546, at *2 (W.D. Tenn. Oct. 25, 2021) (finding probate exception applied where plaintiff asked court to administer Tennessee intestacy statutes), *report and recommendation adopted sub nom. Dean v. Morgan*, No. 221CV02208, 2022 WL 385507 (W.D. Tenn. Feb. 8, 2022). The trustee would have the bankruptcy court determine whether the property at issue belongs to the decedent's estate and whether it descended to the debtor—the "precise sort of estate administration similarly proscribed by . . . the probate exception." *Matter of Est. of Lagano*, No. 20-CV-10793, 2020 WL 9172828, at *6 (D.N.J. Nov. 25, 2020) (finding probate exception applied

where plaintiff asked court to decide "what belongs to the Estate" and whether "[d]ecedent's assets descended to" plaintiff), *report and recommendation adopted sub nom. Trobiano v. Lagano*, No. CV 20-10793, 2021 WL 1339198 (D.N.J. Apr. 9, 2021).

The trustee argues that his case involves no estate administration because "[a]s the Bankruptcy Court pointed out . . . ownership of the property passed to the debtor upon his wife's death on June 15, 2019 under Michigan law and the statutes of intestate succession." ECF No. 9, PageID.1472. Despite the probate exception's limited nature, the trustee fails to carry his burden of establishing that his complaint falls outside the probate exception. *See Kokkonen*, 511 U.S. at 377. The trustee's one sentence counterargument makes no attempt to respond to the Williamses' argument and legal authorities. Nor does the trustee explain why the bankruptcy court's conclusion as to the debtor's inheritance—a conclusion found in a section separate from the bankruptcy court's probate exception analysis—shows that the probate exception does not apply. Even if the trustee had explained his argument, he relies on the bankruptcy court's conclusion as to the debtor's inheritance, and that conclusion rests on Michigan law. Federal courts, however, "look to only federal law to determine whether the probate exception . . . applies." *Chevalier*, 803 F.3d

at 801. Because Gold asks the Court to look to state law to determine whether the probate exception applies, Gold's argument fails.

At bottom, the complaint asks the bankruptcy court to determine issues of intestate succession. Because that is a pure probate issue, the Court finds that the probate exception applies. *See Moser v. Pollin*, 294 F.3d 335, 340 (2d Cir. 2002) (stating claim that "the decedent's estate should pass to [plaintiff] by intestacy" would be "'purely probate' in character" and require dismissal of complaint under probate exception). As a result, the bankruptcy court erred in finding otherwise, and the bankruptcy court lacked subject matter jurisdiction over the trustee's complaint.

## IV.    Motion to Withdraw as the Williamses' Attorney

The Williamses' counsel, James C. Warr & Associates, PLC, moves the Court to allow it to withdraw as the Williamses' counsel of record.  ECF No. 11.  Counsel states that Camile Vanice Williams and the debtor filed suit against it, the trustee, and others, taking issue with counsel's handling of this matter. *Williams v. Gold*, No. 23-12690 (E.D. Mich. filed Oct. 24, 2023).  Counsel further states that due to the suit and the facts that the Williamses are siblings, the debtor is their father, and the Williamses all reside in the same house, counsel cannot continue to diligently represent the Williamses.  For good cause shown and because withdrawal will not

cause a material adverse effect on the Williamses, the Court allows James

C. Warr & Associates, PLC to withdraw as the Williamses' counsel.[2]

## V.     Conclusion

For the reasons above, the Court **REVERSES** the bankruptcy court's

decision and **GRANTS** the Williamses' motion for withdrawal of attorney.

<br>

s/ Shalina D. Kumar
SHALINA D. KUMAR
Dated: February 20, 2024                        United States District Judge

---

[2] The trustee does not oppose the motion to withdraw but requests that the Court retain jurisdiction to assess damages and costs if the Court determines that this appeal is frivolous.  *See* Fed. R. Bankr. P. 8020(a). The Court denies that request because it finds that the bankruptcy court erred in its application of the probation exception.